## BRAINARD vs. FRANCIS.

The mention, in the judgment of a court before whom a debtor is discharged, that he took the

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. In this case the plaintiff, an insolventt debtor, who had been arrested on a *ca. sa.* is-

sued on a judgement in favor of the defendant, made application to the court below, for the benefit of the act of the legislature, of the late territorial government, passed in 1808, for the benefit of insolvent debtors in actual custody. The defendant made oposition to his discharge, and judgment being rendered against her, she appealed.

East'n District.
*Feb.* 1824.

BRAINARD
*vs.*
FRANCIS

oath required by law, is evidence of the fact.

A debtor, within the prison bounds, may avail himself of the act of 1803, in favor of debtors in *actual* custody.

Two objections are made to the correctness of that judgment. 1st. That the plaintiff was not in actual custody of the sheriff; but had obtained the prison bounds by giving security. 2d. That it does not appear, from the record, that he took the oath in open court required by law.

The case comes up on a statement of facts, in which no mention is ma e of the appellee having taken the oath, as prescribed by law: but it is stated in the judgment of the court below, as one of the grounds on which the order for his discharge was based. It has been repeatedly decided by this court, that facts assumed, by the judges of the inferior tribunals in rendering their judgments, unsupported by any other document or testimony on record, could not be considered as proved before the supreme court, in investigating a cause on an

appeal. This is a general rule, and like all such may suffer an exception, which we are of opinion exists in the present case. The oath prescribed by law is to be taken in open court; consequently, must have been administered in presence of the judge, and is a fact which orriginated before him, and partly through his agency. As no particular form of certificate is required, on the part of the judge or clerk, to shew that such an oath was actually taken by the appellee, the statement of the former, in the order under which the discharge took place, countersigned by the clerk of the court, does, in our opinion, sufficiently establish the fact, that an oath, such as is required by law, was taken. Therefore the second cause of error, filed by the appellant does not exist.

The statement of facts shews that the plaintiff, after having been arrested on the *ca. sa.* obtained the privilege of the prison bounds, and by so doing, the appellant insists that, he lost all benefits secured by the act above cited, to insolvent debtors. In support of this position, her counsel relies much on the first section of said act; and also on a decision of this court as reported in 6 *Martin*, 570. In that case it was decided that an appeal may be taken by a

East'nDistrict.
*Feb.* 1824.

BRAINARD
*vs.*
FRANCIS

plaintiff, if a defendant in execution be discharged on an *habeas corpus*. Also that if a plaintiff fail to make the advance required by law, for the support of a defendant in execution, the latter cannot be discharged ex parte. It is true, that in coming to these conclusions the court expressed an opinion, that the physical restraint by which a prisoner is kept in jail ceases on his obtaining the privilege of prison bounds, and that he is not afterwards detained by the sheriff or jailor. But in applying former decisions to subsequent cases, we must look rather to what has been done, than to what has been said. The whole moral of the case cited, amounts to no more than this; that the right of a plaintiff to detain a defendant, in prison, on a *ca, sa.* cannot be destroyed by ex parte proceedings, instituted and carried on by the latter.

In the case under consideration, the proceedings have not been ex parte; at least so far as they relate to the present defendant.

The question now to be decided, is whether the change of confinement of a debtor who is imprisoned, either on mesne process, or under execution, by making the restraint which holds him moral, rather than physical, and ex-

tends the limits of his prison, must necessarily deprive him of the benefit awarded to debtors in actual custody, as provided by the law above cited ?

The intention of the legislature, as it is to be gathered from the whole tenor of the act, was to release from *imprisonment*, debtors who would surrender honestly, and assign all their property for the benefit of their creditors. The caption of the law speaks of debtors in actual custody. The first section adds the words, "of the sheriff of the superior court;" and hence the appellant insists that, although the arrest has been made by the officer, and the debtor actually imprisoned, yet if he obtain the privilege of the prison bounds, which were established by the same act, he ceases to be in the custody of the sheriff, and thereby loses the benefit of a discharge from imprisonment, however fair a surrender of his property he may make. Admitting the corporal and physical restraint of debtors to cease, by giving bond and security for the limits of the prison, the restraint of their liberty, occasioned by the arrest and confinement made under legal process, does not end. They are still debtors in actual, not fictitious, custody. The boundaries of the place of con-

East'n District.
*Feb.* 1824.

BRAINARD
*vs.*
FRANCIS

finement are enlarged, but they are nevertheless imprisoned; they are in custody, and whether the restraint be legal and moral, or physical and personal, it ought not to alter the situation or claim of rights, according to the law made for the benefit of "insolvent debtors in actual custody." Should a different interpretation be given to this law, the result would be cruel indeed; and terribly oppressive on an unfortunate debtor, who, after arrest and imprisonment, still retained sufficiently the esteem and confidence of his friends to obtain surety for the prison bounds; for by the act of 1817, it would seem that a person once imprisoned, could not make a voluntary surrender of his property, and by that means, secure his liberty and personal protection against inhuman and unavailing pursuits, and persecution carried on by his creditors. He would be truly a prisoner without hope; without any means or prospects of redemption. Such an interpretation cannot conform to the true spirit and meaning of laws enacted by a wise and humane legislature.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.

BRAINARD
vs.
FRANCIS

*Lockett* for the plaintiff, *Hennen* for the defendant.